IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ASM AMERICA, INC.,

        Plaintiff,

        v.

ACECO SEMICONDUCTOR, INC.; EDGE TECH, INC., dba ACECO PRECISION MANUFACTURING; and ACECO MACHINE WORKS, INC.,

        Defendants.

THE ACE COMPANY, INC., dba ACECO PRECISION MANUFACTURING and ACECO PRECISION SEMICONDUCTOR COMPONENTS,

        Counterclaimants,

        v.

ASM AMERICA, INC.,

        Counterclaim Defendant.

CV-05-1326-ST

OPINION AND ORDER

1 - OPINION AND ORDER

STEWART, Magistrate Judge:

## INTRODUCTION

On August 25, 2005, plaintiff, ASM America, Inc. ("ASM"), filed a Complaint against defendants for infringement of United States Patent No. 4, 798, 154 ("the '165 Patent") for an invention entitled "Apparatus For Chemical Vapor Deposition Using An Axially Symmetric Gas Flow" ("showerheads"). Defendants/counterclaimants filed a counterclaim for a declaratory judgment declaring the '165 Patent invalid, unenforceable, and/or not infringed by defendants.

All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c).

Pursuant to FRCP 41(a)(2), AMS has filed a Motion For Voluntary Dismissal with prejudice as to all named defendants and counterclaimants (docket # 26). Defendants/ counterclaimants oppose dismissal of the pending counterclaim unless ASM provides an express covenant not to sue all parties identified in this action that have a reasonable apprehension of suit and unless the court awards them attorney fees. For the reasons set forth below, ASM's motion is granted without any conditions.

## STANDARDS

When the parties do not stipulate to a voluntary dismissal, then the dismissal must be achieved by court order "upon such terms and conditions as the court deems proper." FRCP 41(a)(2). "Unless otherwise specified in the order, a dismissal under [FRCP 41(a)(2)] is without prejudice." *Id.* "[T]here is no absolute right to dismiss on terms [and] the intendment of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Alamance Indus., Inc. v. Filene's*, 291 F2d 142,

146 (1st Cir), *cert denied*, 368 US 831 (1961). "[T]he effective use of curative conditions can help balance competing equities and ensure that substantial justice is done for all parties, which is the goal of the Rule 41(a)(2) analysis." *Brown v. Baeke*, 413 F3d 1121, 1126 (10th Cir 2005). Thus, "the district court must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants v. Ford Motor Co., Inc.*, 781 F2d 855, 857 (11th Cir 1986) (citations omitted).

The Ninth Circuit has instructed that the "court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F3d 972, 975 (9th Cir 2001) (citations omitted). Incurring expenses to defend a lawsuit is insufficient to show legal prejudice: "We have explicitly stated that the expense incurred in defending against a lawsuit does not amount to legal prejudice. The defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees." *Westlands Water Dist. v. United States*, 100 F3d 94, 97 (9th Cir 1996). However, "[i]mposition of costs and fees as a condition for dismissing without prejudice is not mandatory." *Id*. Moreover, to show "legal prejudice" and prevent a dismissal without prejudice, the defendant must show more than that the dispute is unresolved:

> In determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense. . . . [W]e conclude that legal prejudice is just that – prejudice to some legal interest, some claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice.

3 - OPINION AND ORDER

*Id*.

**DISCUSSION**

AMS seeks a voluntary dismissal with prejudice because it has learned that the cost of proceeding with this litigation through trial may well be more substantial than the damages sustained. Although AceCo[1] has offered to sell allegedly infringing showerheads on its website, AMS is informed that AceCo was unable to get its reverse engineered showerheads qualified and therefore has had little or no actual sales revenue from any sales. In addition, AMS's sales of its patented showerhead do not seem to have decreased in 2005. Moreover, injunctive relief will not be available after January 17, 2006, when the '165 Patent will expire.

Because discovery is not yet completed, ASM does not yet know the exact legal structure of AceCo. This is not surprising based on defendants' submissions. Defendants' initial Corporate Disclosure Statement (docket #10) states that defendants Aceco Semiconductor, Inc., Edge Tech, Inc., and Aceco Machine Works, Inc., are not legal entities; Aceco Precision Manufacturing is a dba of EdgeTech Knives, Inc., Machine Works, Inc., Timberline Tooling, Inc., and Ace Company, Inc.; and Ace Company, Inc., is the corporate parent of EdgeTech Knives, Inc., Machine Works, Inc., and Timberline Tooling, Inc. However, defendants filed an Amended Corporate Disclosure Statement (docket #12) stating that only defendant AceCo Semiconductor, Inc., is not a legal entity; defendants Edge Tech, Inc. and AceCo Machine Works, Inc. are Idaho corporations; Aceco Precision Manufacturing is a dba of EdgeTech, Inc.; The Ace Company, Inc., is an Idaho corporation; and AceCo Precision Semiconductor Components is a dba of The Ace Company Inc. Yet defendants allege that the proper party

---

[1] As discussed below, the proper name of the manufacturing entity is unclear and referred to simply as "AceCo" by ASM.

defendant is The Ace Company, Inc., an Idaho corporation, dba AceCo Precision Manufacturing and AceCo Precision Semiconductor Components. Answer and Counterclaim, ¶ 7.

Defendants/counterclaimants fear that dismissal of AMS's claim of infringement will be effective only as to the parties named as defendants and not as to counterclaimant The Ace Company, Inc., which is not named as a defendant.  The Ace Company, Inc. claims to have a reasonable apprehension of future litigation because it is continuing its efforts to qualify its showerheads and intends to ultimately start selling them in volume.  Without an effective covenant not to sue, The Ace Company, Inc. believes that ASM may initiate litigation against it at a later time for past, present, and future alleged infringing activities.

Although ASM admits that it is concerned about any plans by The Ace Company, Inc. to sell infringing showerheads, ASM's only claim in this lawsuit is for infringement of the '165 Patent which expires January 17, 2006.  The counterclaim also is directed only at the '165 Patent.  Therefore, even if The Ace Company, Inc. is able to qualify its showerheads and sell them in the future, ASM cannot assert the '165 Patent against The Ace Company, Inc. or any other entity for future sales once this case is dismissed with prejudice.  Federal law dictates that a dismissal with prejudice bars a later suit under res judicata.  *See, e.g.*, *Smith v. Lemon,* 442 F2d 1195 (9th Cir 1971) (*per curiam*).  Thus, the only possible future claims by AMS will be for infringement of a different patent or other some other claim not alleged in this lawsuit. "Uncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty" does not result in plain legal prejudice sufficient to prevent dismissal. *Westlands,* 100 F3d at 96-97.  In sum, defendants/counterclaimants have given no reason sufficient to justify the imposition of any conditions upon the dismissal with prejudice.

In the event of dismissal, defendants/counterclaimants request an award of attorney fees. As explained by the Second Circuit, attorney fees are almost never awarded when a lawsuit is voluntarily dismissed with prejudice.

> Fee awards are often made when a plaintiff dismisses a suit *without prejudice* under Rule 41(a)(2). The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him. In contrast, when a lawsuit is voluntarily dismissed *with prejudice* under Fed.R.Civ.P. 41(a)(2), attorney's fees have almost never been awarded. . . . The reason for denying a fee award upon dismissal of claims with prejudice is simply that the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial, in which event (absent statutory authorization) the American Rule would preclude such an award.

*Colombrito v. Kelly,* 764 F2d 122, 133-34 (2nd Cir 1985) (emphasis in original) (citations omitted); *see also Cauley v. Wilson*, 754 F2d 769, 771 (7th Cir 1985) and *U.S. v. Two Parcels of Real Property Located in Mendocino County*, 2001 WL 1180698, *2 (ND Cal 2001).[2]

However, the Second Circuit posited that costs and fees might be available "if a litigant had made a practice of repeatedly bringing potentially meritorious claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system." *Colombrito,* 764 F2d at 134-35.

Dismissal in this case presents no risk of litigating of the same issues, and the record reveals no practice by AMS of repeatedly bringing potentially meritorious claims and then dismissing them with prejudice after inflicting substantial litigation costs. Instead, ASM is

---

[2] The Ninth Circuit has not yet decided this issue. *Beard v. Sheet Metal Workers Union, Local 150,* 908 F2d 474, 477 n2 (9th Cir 1990) ("We have never explicitly embraced such a view, and need not address the advisability of doing so now.").

seeking dismissal only after learning new information. Prior to filing suit, ASM did not know that the allegedly infringing showerheads had not been qualified and did not know the extent of any sales. Dropping this suit upon learning additional information through the litigation was reasonable and should not subject ASM to sanctions. Given the absence of any exceptional circumstances, an award of attorney fees to defendants/counterclaimants cannot be justified.

## **ORDER**

For the reasons stated above, ASM's Motion for Voluntary Dismissal (docket #26) is GRANTED with prejudice as to all named defendants and counterclaimants, including the counterclaim, and without any award of attorney fees or costs to defendants/counterclaimants.

DATED this 17th day of January, 2006.

> s/ Janice M. Stewart_____
> Janice M. Stewart
> United States Magistrate Judge